UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROY HESSER,                              )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )     No. 4:13-CV-227 CAS
                                         )
HOME DEPOT U.S.A., INC.,                 )
d/b/a THE HOME DEPOT,                    )
                                         )
        Defendant.                       )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Roy Hesser's Motion to Remand and Motion for Attorney Fees and Costs, which asserts that defendant's removal of this case was untimely under 28 U.S.C. § 1446(b). Defendant Home Depot U.S.A., Inc. opposes the motion and it is fully briefed. For the following reasons, the Court concludes that defendant's removal of this case was timely. Plaintiff's motion will therefore be denied in all respects.

**Background**

Defendant removed this action from state court on February 4, 2013, based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332. The petition was filed in state court on August 13, 2012. Defendant's Notice of Removal states that on January 5, 2013, it received plaintiff's responses to its written discovery requests, and these responses made it apparent that the amount in controversy exceeded the jurisdictional minimum of $75,000. Plaintiff filed the instant motion to remand and for attorney's fees, asserting that the removal was untimely because defendant knew that the amount in controversy exceeded $75,000 before the petition was filed in state court.

Plaintiff's petition asserts a premises liability claim against defendant. The petition states that plaintiff was shopping in defendant's store and was attempting to pick up an item and place it

in his shopping cart when a portable fire extinguisher dropped on his foot. The petition alleges that the fire extinguisher "caused severe injury to the right foot and ankle including lacerating the skin, tissues, muscles, tendons, and/or related part of the right lower extremity, fractured the intermediate cuneiform, and sustained severe and permanent nerve damage to his right lower extremity." Petition at 2, ¶ 7. The petition states that plaintiff was required to undergo surgery, diagnostic testing, continued management of his pain, and other medical treatment, and that plaintiff has incurred medical bills, lost wages, and been subjected to pain and suffering and emotional distress. Id. ¶ 9. The petition prays for judgment in an amount in excess of $25,000, and for an award of punitive damages. Id. at 3.

**Removal Standards**

A case may be removed to federal court only if it could have been brought in federal court originally; therefore, either the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction, Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002); all doubts about federal jurisdiction must be resolved in favor of remand, Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007)." Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

Removal statutes are strictly construed because they restrict the power of states to resolve controversies in their own courts. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). Further, any doubts about the propriety of removal are to be resolved in favor of remand. Central Iowa Power Co-op., 561 F.3d at 912. While a defendant has a statutory right to remove in

certain situations, the plaintiff is still the master of his own claim.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987).

The right to remove a case to federal court is established by 28 U.S.C. § 1441(a), but the party seeking removal must comply with 28 U.S.C. § 1446, which establishes procedures for the removal of civil cases.  Section 1446(b) states in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  The time limits are mandatory and are strictly construed in favor of state court jurisdiction.  See McHugh v. Physicians Health Plan of Greater St. Louis, 953 F.Supp. 296, 299 (E.D. Mo. 1997) (internal citations omitted).  If a defendant fails to timely file a notice of removal, the defendant's right to remove is foreclosed.  Id. Strictly construing the removal rules "promote[s] expedited identification of the proper tribunal."  Id.

**Discussion**

In support of his motion to remand, plaintiff argues that the facts allegedly discovered by defendant that triggered the period of time for removal were known to defendant before the petition was filed in state court. Specifically, plaintiff states that (1) he provided defendant with a copy of his medical bills and records on May 4, 2012; (2) he informed defendant on May 7, 2012 that his bills to date were in excess of $11,000; (3) the parties engaged in a mediation on May 7, 2012 in

3

which plaintiff made a settlement demand for $400,000; and (4) he provided defendant with medical authorizations on May 23, 2012, to enable defendant to independently obtain the medical records plaintiff had already provided.

Plaintiff asserts that based on these facts, defendant was provided with actual knowledge that the value of his claim exceeded $75,000 before the petition was filed, and therefore the filing of the petition on August 13, 2012 triggered the thirty-day period for filing a notice of removal under 28 U.S.C. § 1446(b). In support, plaintiff cites Williams v. Safeco Insurance Company of America, 74 F.Supp.2d 925, 929 (W.D. Mo. 1999) (holding that thirty-day time limit for removal commenced on the day suit was filed, where defendant had actual notice that the amount in controversy exceeded $75,000, based on multiple pre-suit demand letters).

Defendant responds that under Eighth Circuit precedent issued subsequent to the Williams decision, the thirty-day time limit of § 1446(b)(1) "begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount," Knudson v. Systems Painters, Inc., 634 F.3d 968, 974 (8th Cir. 2011) (citing In re Willis, 228 F.3d 896, 897 (8th Cir. 2000)). Defendant contends that the removal of this action was timely under 28 U.S.C. § 1446(b)(3) because the case stated by the initial petition was not removable, as plaintiff's petition did not explicitly disclose that he was seeking damages in excess of $75,000, and removal was made within thirty days after defendant received a paper from which it could first be ascertained that the case was removable based on diversity of citizenship jurisdiction.

The Court concludes that removal of this case to federal court was timely and plaintiff's argument fails because the petition filed in state court does not explicitly disclose on its face that plaintiff was seeking more than $75,000. The Eighth Circuit has adopted a bright-line rule, holding

4

that the thirty-day time limit of 28 U.S.C. § 1446(b)(1) "begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount." Willis, 228 F.3d at 897 (where plaintiff's Missouri state court personal injury petition sought an unspecified amount of damages, the thirty-day time limit did not begin to run until the defendant filed an Offer of Judgment seeking $75,001 that plaintiff did not accept).[1]  The Eighth Circuit explained that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. (quoting Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)), cited with approval in Knudson, 634 F.3d at 974.  Here, because plaintiff's petition demands only an unspecified amount of damages in excess of $25,000, the thirty-day time limit did not begin to run as of the date of its filing.

---

[1] Title 28 U.S.C. § 1446(b) was amended effective December 7, 2011.  At the time Willis and Knudson were decided, § 1446(b) consisted of two unnumbered paragraphs that read as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  When the statute was amended in 2011, the first unnumbered paragraph was designated as 28 U.S.C. § 1446(b)(1).  The second unnumbered paragraph was modified and designated as 28 U.S.C. § 1446(b)(3).

5

Plaintiff contends that the Eighth Circuit's <u>Willis</u> and <u>Knudson</u> decisions are inapplicable because there is no dispute in this case that defendant knew the amount in controversy exceeded $75,000 before the case was filed. To accept plaintiff's contention, the Court would have to disregard the Eighth Circuit's express holdings in <u>Willis</u> and <u>Knudson</u> that the thirty-day time period begins to run only when the pleading explicitly discloses that an amount in excess of $75,000 is at stake, and disregard its reasoning that courts should not inquire into what a particular defendant may or may not subjectively know as part of the removal analysis. See <u>Willis</u>, 228 F.3d at 897; <u>Knudson</u>, 634 F.3d at 974.[2] Here, plaintiff's petition does not explicitly disclose that more than $75,000 is at stake, and plaintiff is asking the Court to inquire into what defendant knew prior to the litigation's commencement. This is precisely what the Eighth Circuit has stated should not be done.

The weight of authority holds that pre-litigation knowledge is not pertinent to the removal analysis. The Fifth Circuit's <u>Chapman</u> decision, cited with approval by the Eighth Circuit in <u>Willis</u>, is directly on point. In <u>Chapman</u>, the plaintiff argued that the defendant did not timely remove the case within thirty days under the then-current version of § 1446(b)(1), because prior to filing suit plaintiff sent a letter to the defendant advising that his medical expenses were in excess of the jurisdictional amount, and subsequently provided the defendant with copies of the bills. <u>Chapman</u>, 969 F.2d at 161. Later, the plaintiff filed suit in state court but his petition did not plead for a specific amount of damages. After plaintiff stated in interrogatory answers that his damages

---

[2] The Court declines to follow <u>Williams v. Safeco Insurance Company of America</u>, 74 F.Supp.2d 925 (W.D. Mo. 1999), cited by plaintiff in support of his position that pre-suit knowledge at the time the petition was served triggers the thirty-day deadline to remove the case. <u>Williams</u> was decided prior to the Eighth Circuit's <u>In re Willis</u> decision, which adopted the "explicit disclosure" rule.

6

exceeded $800,000, defendant removed the case to federal court based on diversity jurisdiction. Id. The plaintiff moved to remand on the basis that removal was untimely, but the motion was denied.

On appeal, the Fifth Circuit held that the pre-suit demand did not make the case removable at the time of filing because, for purposes of § 1446(b), the thirty-day time period for removal only starts to run where the pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the jurisdictional minimum. Id. at 163. The plaintiff also argued that the removal was untimely under the second paragraph of § 1446(b), and contended that the pre-suit demand letter and medical bills were "other papers" that revealed the amount in controversy. The Fifth Circuit rejected this contention and held that the plain language of the statute required "that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading." Id. at 164. The Fifth Circuit explained its reasoning as follows:

> The plain language of the second paragraph of § 1446(b) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading. The second paragraph of § 1446(b) applies by its terms only "if the case stated by the initial pleading is not removable . . . ." 28 U.S.C. § 1446(b). More important, the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable. Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper"; and therefore the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable. [Plaintiff] would have us adopt a rule which would be clearly inconsistent with the plain language of the second paragraph of § 1446(b)[.]"

Chapman, 969 F.2d at 164 (footnote omitted).[3] See also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885-86 (9th Cir. 2010) (demand letter sent before complaint was filed could not trigger

---

[3] The Fifth Circuit stated that the defendant in Chapman tacitly conceded it knew the amount in controversy exceeded the jurisdictional minimum when it received the initial pleading. 969 F.2d at 162 n.4. This did not change the removal analysis.

thirty-day removal period; rejecting plaintiff's "suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods.").

This Court has previously cited Chapman in the context of a federal question case, agreeing with the Fifth Circuit's reasoning and rejecting the contention that a defendant's pre-litigation knowledge triggers the time for removal. "[T]he greater weight of appellate opinion, with which the Eighth Circuit has expressed agreement, supports the conclusion that the receipt of information through the processes and papers of litigation is what triggers the thirty-day time limit for purposes of § 1446(b)." Machany v. Healthy Alliance Life Insurance Co., 2008 WL 3875335, at **1-2 (E.D. Mo. Aug. 15, 2008) (Stohr, J.) (rejecting the argument that defendant's pre-suit knowledge of insurance premium payments by plaintiff's employer was indicative of a plan governed by ERISA; case became removable only after defendant's receipt of an "other paper" from which it could first be ascertained that the case was removable on ERISA grounds).

**Conclusion**

Based on the foregoing authorities, the Court concludes it must "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Machany, 2008 WL 3875335 at *2 (quoting Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997)).  Following these principles, the Court rejects plaintiff's argument that defendant's pre-litigation knowledge renders the removal

in this case untimely.[4]  Plaintiff's motion to remand and for attorney's fees should therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand and for attorney's fees and costs is **DENIED**.  [Doc. 8]

                                                                  _____
                                                                  **CHARLES A. SHAW**
                                                                  **UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of May, 2013.

---

[4]In reaching this conclusion, the Court does not hold or suggest that a defendant cannot remove a case to federal court based on its actual knowledge of the existence of jurisdictional facts where the petition does not expressly disclose them.  In such a situation, the removing party must be prepared to meet its burden to establish federal subject matter jurisdiction, with the knowledge that all doubts about federal jurisdiction must be resolved in favor of remand.