# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ROY HESSER,           )
                      )
    Plaintiff,        )
                      )    No. 4:13-CV-227 CAS
    v.                )
                      )
HOME DEPOT U.S.A., INC., et al.,  )
                      )
    Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Home Depot U.S.A., Inc.'s ("Home Depot") motion for leave to file a crossclaim[1] against defendant Cintas Corporation No. 2 ("Cintas"), and motion for separate trials. Cintas opposes the motions and they are fully briefed. For the following reasons, the Court will deny Home Depot's motion for leave to file a crossclaim and deny as moot its motion for separate trials.

**Background**

This case was originally filed in state court. Plaintiff Roy Hesser's original petition asserted a negligence claim against defendant Home Depot. The petition alleged that Mr. Hesser was shopping in a Home Depot store and was attempting to pick up an item and place it in his shopping cart when a portable fire extinguisher dropped on his foot, causing severe injury to his right foot and ankle. Home Depot removed the action to this Court on February 4, 2013 based on diversity of citizenship jurisdiction. See 28 U.S.C. § 1332.

---

[1] Home Depot refers to its proposed pleading as a "cross-complaint," but under the Federal Rules of Civil Procedure the proper term for a claim asserted against a coparty is a crossclaim. See Rule 13(g), Fed. R. Civ. P.

On March 26, 2013, the Court issued a Case Management Order ("CMO") which, among other things, established a July 1, 2013 deadline for filings motions for leave to join additional parties or to amend pleadings. (Doc. 16) On July 1, 2013, plaintiff filed a consent motion for leave to file an amended complaint. Plaintiff's First Amended Complaint added a new defendant to the action, Cintas Corporate Services, Inc., and included new allegations that Home Depot had hired Cintas to "perform certain services including but not limited to inspection and certification of fire extinguishers in Home Depot stores," and that both defendants were negligent in various respects. Am. Compl. at 2.

Cintas filed its Answer on September 4, 2013.[2] On January 13, 2014, plaintiff filed an unopposed motion to extend by thirty days the CMO's deadlines for disclosure of his expert witnesses, to complete discovery, and to file <u>Daubert</u> and dispositive motions. The motion was granted and the CMO was amended on January 14, 2014. On February 20, 2014, plaintiff filed a second unopposed motion to further amend the CMO's deadlines for disclosure of expert witnesses and to complete discovery. The second motion was granted and the CMO was amended on February 21, 2014. The case was referred to alternative dispute resolution on April 1, 2014 with a completion deadline of June 2, 2014.[3]

Meanwhile, on May 5, 2014, Home Depot filed its motion for leave to file a crossclaim against Cintas. The motion for leave states in part that "[a]fter several months of exhaustive efforts between Home Depot and Cintas to amicably reach an agreement on Home Depot's tender request,

---

[2]Cintas states in its Answer that its correct corporate name is "Cintas Corporation No. 2," and that it has been improperly named in this action as Cintas Corporate Services, Inc. Plaintiff has not sought leave to further amend his Complaint in response to Cintas' assertion.

[3]To date, the neutral's report concerning the outcome of alternative dispute resolution has not been filed, but it is due by June 16, 2014.

2

negotiations have stalled," and that counsel for these parties have spoken about the likelihood a crossclaim would be filed if Cintas continued to deny Home Depot's tender request. Mot. for Leave at 2. Home Depot's proposed crossclaim contains four counts, for breach of contract, breach of implied-in-fact contract, promissory estoppel and negligent misrepresentation. The motion for leave asserts that plaintiff does not oppose it, provided the trial setting of September 29, 2014 is not affected.

Home Depot states that its failure to comply with the CMO's deadline for seeking leave to amend pleadings was not due to bad faith or dilatory motive on its part, and notes that it could not have timely filed its proposed crossclaim because plaintiff did not add Cintas to the lawsuit until the last day for filing motions to join additional parties. Home Depot asserts that leave to file should be granted so that all related disputes arising out of the occurrence may be resolved in one setting, and contends that the filing of its crossclaim would not require modification of the trial date.

Defendant Cintas opposes the motion for leave on the basis that the time to amend pleadings under the CMO has long passed. Cintas asserts that the filing of a crossclaim "will potentially delay the trial setting of this case," and that allowing the crossclaim "may confuse the jury" as plaintiff's case is for personal injury while Home Depot's proposed crossclaim is based on breach of contract.

Home Depot replies that it could not have asserted its crossclaim against Cintas within the time permitted by the CMO, because Cintas was not joined as a party by plaintiff until the final day for filing motions to join additional parties or amend pleadings. Home Depot notes that Cintas does not claim surprise and does not deny that counsel have discussed the likelihood a crossclaim would be filed if "Cintas refused to honor its obligation to defend and indemnify Home Depot." Reply at 2. Home Depot asserts that adequate time remains until the close of discovery for it and Cintas to conduct any discovery and "defend the legal issue of whether a duty to defend and indemnify

3

exists." Id. Home Depot also states that Cintas has not shown that undue delay exists, that Cintas will suffer undue prejudice, that Home Depot has acted in bad faith or with dilatory motive, or that the proposed crossclaim is futile.

Following Cintas's opposition, Home Depot also filed a motion for separate trials under Rule 42(b), Fed. R. Civ. P., arguing that any jury confusion engendered by its crossclaims can be obviated by trying the crossclaims to a separate jury. Cintas opposes the motion for separate trials on the basis that Home Depot should not be granted leave to file a crossclaim against it in this action.

**Discussion**

A leading federal practice treatise discusses Rule 13(g) and crossclaims generally as follows:

> Rule 13(g) permits the assertion of crossclaims, which may consist of any claim made by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein, or that relates to any property that is the subject matter of the original action. The provision is a reflection of the federal equity practice. As is true in the counterclaim context, the general policy behind allowing crossclaims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps. In keeping with this policy the courts generally have construed subdivision (g) liberally in order to settle as many related claims as possible in a single action.

6 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1431. Rule 13(g) does not contain a time limitation for asserting a crossclaim. As a result,

> The decision whether to allow a crossclaim that meets the test of subdivision (g) is a matter of judicial discretion. No precise standards have been formulated. Generally, most courts balance the interests of judicial economy and the general policy of avoiding multiple suits relating to the same events against the possibilities of prejudice or surprise to the other parties and decide the question of timeliness accordingly.

Id.

As stated above, the CMO's deadline for amending pleadings was July 1, 2013. Where a party seeks leave to amend its pleadings after the deadline in the case management order has passed,

4

as here, the good-cause standard of Fed. R. Civ. P. 16(b) applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v.Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). "The primary measure of whether good cause exists is the moving party's diligence in trying to meet the order's requirements." Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Sherman, 532 F.3d at 717.

Here, Home Depot's primary argument in support of its late-tendered crossclaim is that it could not have asserted the crossclaim until after the CMO deadline had passed, because Cintas was not joined as a party until the last possible date. Home Depot alleges, however, that "[b]eginning on August 31, 2012, counsel for Home Depot tendered its defense in the lawsuit to [Cintas] and its insurers[.]" Proposed Crossclaim at 2, ¶ 17. Home Depot also states that there were "several months of exhaustive efforts between [it] and Cintas to amicably reach an agreement on Home Depot's tender request, [but] negotiations have stalled." Mot. for Leave at 2.

The Court finds that Home Depot has not established good cause for leave to amend under Rule 16(b), because it has not shown it acted diligently to attempt to meet the CMO's deadlines and to assert its crossclaims. Home Depot tendered its defense to Cintas in August 2012, almost a year before Cintas was named a defendant in this action, but did not seek leave to assert a crossclaim until May 2014, twenty-one months after the tender of defense, ten months after the CMO's deadline for amending pleadings, and ten months after the addition of Cintas as a defendant. Home Depot could have asserted a third-party claim against Cintas under Rule 14, Fed. R. Civ. P., before Cintas was

5

joined as a defendant by plaintiff, but chose not to do so. Further, although the CMO's deadlines were amended twice after plaintiff joined Cintas as a defendant, Home Depot did not seek to amend the CMO to permit it to assert a crossclaim, even though it knew Cintas had not agreed to accept its tender of defense. Instead, Home Depot waited almost two years after tendering its defense to Cintas, shortly before the revised dispositive motion deadline and discovery deadline, and four months prior to trial, to seek leave of Court to file its crossclaim.

Based on the record before it, the Court finds that Home Depot's actions demonstrate a lack of diligence with respect to the assertion of its contractual and equitable claims against Cintas, and may indicate Home Depot took a gamble and chose not to assert its crossclaim against Cintas for tactical reasons, perhaps believing the parties' "amicable" negotiations would ultimately end in a favorable resolution and not wishing to jeopardize that possibility by formally asserting its crossclaims. Whatever its reasons for delaying the assertion of its crossclaims, Home Depot has failed to show good cause as required by Rule 16(b). The Court will deny the motion for leave to assert a crossclaim against Cintas in this action.

Because Home Depot has not shown good cause, the Court need not examine whether prejudice might result to plaintiff or Cintas. It notes, however, that the possibility of delay or prejudice to plaintiff or Cintas is significant here, given the impending trial date and the likelihood that Cintas would respond to the multiple crossclaims with a dispositive motion and discovery requests.

Finally, Home Depot's motion for separate trials should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Home Depot U.S.A., Inc.'s Motion for Leave to File a Cross-Complaint is **DENIED**. [Doc. 53]

**IT IS FURTHER ORDERED** that defendant Home Depot U.S.A., Inc.'s Motion for Separate Trials is **DENIED** as moot. [Doc. 61]

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of June, 2014.